UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | 3:01-CR-00129-LRH-VPC |
| v. | ) ) | 3:05-CV-00120-DWH-RAM |
| GRISELDO ORTIZ-MONROY, | ) ) | <u>ORDER</u> |
| Defendant. | ) ) | |

Before the Court is Defendant Griseldo Ortiz-Monroy's ("Ortiz-Monroy") Amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255. Doc. #182.[1] The United States filed a Response (Doc. #183[2]), to which Ortiz-Monroy did not reply.

**I.     Factual Background**

On August 22, 2001, Ortiz-Monroy and three other co-defendants were indicted by a federal grand jury on one count of conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii), and 18 U.S.C. § 2; seven counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and

---

[1]  Refers to the Court's docket number.

[2]  The United States' Response (Doc. #183) incorporates by reference its first Response (Doc. #181) to Ortiz-Monroy's original § 2255 Motion (Doc. #154).

18 U.S.C. § 2; and one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Doc. #2.  On September 12, 2001, the grand jury returned a superseding indictment for the aforementioned drug trafficking offenses and an additional count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. § 2.  Doc. #19.  On October 24, 2001, the grand jury returned a second superseding indictment for the aforementioned drug trafficking offenses.  Doc. #29.  On October 9, 2001 and April 29, 2002, the United States filed an information and amended information under 21 U.S.C. § 851 giving notice that it would use Ortiz-Monroy's prior drug trafficking conviction to enhance his sentence if convicted of the aforementioned drug trafficking offenses at trial.  Doc. #26; Doc. #52.  Ortiz-Monroy pled not guilty on counts one through ten of the superseding indictment and proceeded to trial.  Doc. #32; Doc. #55.  On the second day of trial, Ortiz-Monroy pled guilty to counts one through ten of the superseding indictment.  Doc. #57.  On August 9, 2002, the Court sentenced Ortiz-Monroy to 300 months imprisonment on the drug offenses, to be followed by ten years of supervised release.  Doc. #74; Doc. #75.  Significantly, Ortiz-Monroy's sentence was increased from a mandatory minimum of ten years imprisonment to a mandatory minimum of twenty years imprisonment under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and 21 U.S.C. § 851(a). The increase was directly attributable to Ortiz-Monroy's criminal history, i.e., his prior felony drug conviction.  Judgment of conviction was entered on August 16, 2012.  Doc. #75.

      Ortiz-Monroy appealed, and on December 11, 2013, the Ninth Circuit Court of Appeals affirmed his conviction and sentence in an unpublished opinion.  *United States v. Ortiz-Monroy*, 83 Fed. Appx. 194 (9th Cir. 2003).  On March 1, 2004, the Supreme Court of the United States denied Ortiz-Monroy's petition for a writ of certiorari.  *Ortiz-Monroy v. United States*, 540 U.S. 1227 (2004).  On February 28, 2005, Ortiz-Monroy, acting *pro se*, filed his original Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 before the Court.  Doc. #154.  Pursuant to the Court's January 8, 2008 Order (Doc. #176), the United States filed a Response on February 14, 2008.  Doc. #181.  On February 19, 2008, Ortiz-

Monroy filed the present Amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 before the Court.  Doc. #182.  On March 6, 2008, the United States filed a Response thereto.  Doc. #183.

**II.     Discussion**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).  In his amended Motion, Ortiz-Monroy challenges his sentence on the ground of ineffective assistance of counsel in violation of the Sixth Amendment.  *See* Doc. #182, pp. 5-6.  Specifically, he asserts that his counsel, George Trejo, Jr. ("Trejo"), (1) failed to negotiate a plea agreement, and (2) failed to argue for a downward departure at his sentencing hearing on the basis that his criminal history category over-represented the seriousness of his criminal record.  Doc. #182, pp. 7-18.

To establish ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and (2) that the petitioner was prejudiced as a result of this performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to show prejudice, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (citing *Strickland*, 466 U.S. at 688-89).

**A.     Failure to Negotiate Plea Agreement**

A criminal defendant "has the ultimate authority to make certain fundamental decisions regarding his case," including the decision to plead guilty.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  Moreover, a criminal defendant has the right to effective assistance of counsel at all critical

3

stages of a prosecution, including during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

Here, Ortiz-Monroy's claim that he "insisted [on] entering a plea of guilty" prior to trial, but that Trejo "squarely rejected [his] desire [to] plead guilty" and "urged [him] to take the case to trial as the only way to [raise] an entrapment defense and increase his chances of getting a reduced sentence" is squarely belied by the evidence before the Court. *See* Doc. #182, pp. 7-12. First, Trejo submitted a sworn declaration wherein he represented the following:

> Prior to trial I attempted to negotiate with the Government on Mr. Ortiz' behalf. He was kept fully informed of my efforts. Unfortunately, the Government was adamant it would not even consider withdrawing the § 851 sentencing enhancement unless Mr. Ortiz could provide substantial assistance. Mr. Ortiz was not interested in cooperating or otherwise providing the Government with substantial assistance. As such, after being fully informed, he decided to proceed to trial.

Doc. #181, Ex. A, ¶5. Second, correspondence between Trejo and the Assistant United States Attorney, Craig Denney, documents Trejo's efforts to negotiate the case and his consultation with Ortiz-Monroy in that regard, as well as Ortiz-Monroy's refusal to cooperate. Doc. #181, Ex. B, Ex. C. Third, in a signed Statement for Acceptance of Responsibility, dated July 31, 2002, Ortiz-Monroy lamented:

> I am sorry that I forced the Government to prepare for my trial involving drugs. The reason that I proceeded to trial instead of pleading guilty sooner was because I was told the informant was not going to testify at my trial. Prior to trial I met an individual named Pablo Diaz at the Washoe County jail. Pablo told me not to worry . . . because the informant decided to return to Mexico.
>
> My understanding of the law was that the recorded conversations and statements by the informant would not be admissible if the informant did not testify at my jury trial. Therefore, I decided to proceed to trial based upon my understanding of the facts and the law. If I had known that the informant was going to testify I would have pled guilty before going to trial for a day and a half. Instead, as the court knows I pled guilty immediately after the informant testified.

Doc. #183, Ex. A. Accordingly, the Court finds that Ortiz-Monroy's assertion of ineffective assistance of counsel in this regard is without merit.

///

4

### B. Failure to Argue for Downward Departure at Sentencing

U.S.S.G. § 4A1.3(b)(1) provides that:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

Application Note 3 further provides that "[a] downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period."

Here, the Court is not persuaded that Ortiz-Monroy's criminal history category substantially over-represented the seriousness of his criminal history or the likelihood that he would commit another crime, such that a downward departure would have been warranted.  On October 21, 1991, Ortiz-Monroy was convicted of sales of a controlled substance, a felony, in violation of Nevada Revised Statute 453.321.  Doc. #52. Ex. 1.  He was sentenced to Nevada State Prison for seven years.  *Id.*  After his release from prison, Ortiz-Monroy was deported on August 24, 1994.  *See* Case No. 3:10-CR-00188-LRH-VPC, Doc. #1.  On April 29, 2002, he pled guilty to one count of unlawful reentry by a deported, removed and/or excluded alien in violation of 8 U.S.C. § 1326(a).  *Id.*, Doc. #17.  Given Ortiz-Monroy's previous felony drug conviction and his demonstrated propensity to re-offend, the Court finds that a downward departure would not have been warranted.  Thus, even assuming Trejo erred in failing to argue for a downward departure based on over-representation of criminal history, there is no reasonable probability that the result of the proceeding would have been different.  Accordingly, the Court finds that Ortiz-Monroy's assertion of ineffective assistance of counsel in this regard is without merit.

///

///

///

1  IT IS THEREFORE ORDERED that Ortiz-Monroy's Motion to Vacate, Set Aside, or
2 Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. #182) is
3 DENIED.
4  IT IS SO ORDERED.
5  DATED this 7th day of March, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE